UNITED STATES DISTRICT COURT                    ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JESSICA SMITH,

                        Plaintiff,                    MEMORANDUM AND ORDER

        -against-                         09-CV-4999 (JG)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                        Defendant.
-------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

           Plaintiff Jessica Smith successfully challenged the Commissioner's denial of

benefits, and her attorney now seeks attorney fees pursuant to the Equal Access to Justice Act

("EAJA").  I grant the fee application but reduce the time claimed by Smith's attorney to 50

hours.

           The EAJA provides for fees to be paid to attorneys who take on Social Security

disability cases for qualifying claimants.  It requires that the "fees awarded . . . shall be based

upon prevailing market rates for the kind and quality of the services furnished, except that . . .

attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an

increase in the cost of living or a special factor, such as the limited availability of qualified

attorneys for the proceedings involved, justifies a higher fee."[1]  28 U.S.C. § 2412(d)(2)(A).  The

application must provide "an itemized statement . . . [including] the actual time expended and the

rate at which fees and other expenses were computed."  *Id.* § 2412(d)(1)(B).  Smith seeks

attorney fees at an hourly rate of $172.23 per hour for 87.75 hours of attorney time in 2009 plus

---

[1]        The rate of $125 per hour is adjusted for cost of living increases by reference to the Consumer
Price Index.  Smith's counsel's requested hourly rate is unopposed by the Commissioner, and I therefore use that
rate in my calculation of the appropriate fee.

$175.06 per hour for 13 hours of attorney time in 2010, for a total amount of $17,389.49 representing 100.75 hours of work.  Fee Mot. at 2.

Attorneys "are not entitled to fees under the EAJA for work that is unreasonable, redundant, excessive, or unnecessary."  *Salvo v. Comm'r of Social Sec.*, 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010).  Therefore, where a court finds that the number of hours requested is excessive, it has broad discretion to adjust the requested number of hours to the level it feels is appropriate.  *Id.*; *see Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).

A straightforward appeal from an adverse decision of the Commissioner is generally expected to adhere to a 20-40 hour benchmark, *see Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) -- a benchmark the instant fee application exceeds by up to five times.  Although "when the circumstances of a case warrant . . . courts have awarded in excess of 40 hours," *Hinton v. Sullivan*, 1991 WL 123960, at *5 (S.D.N.Y. July 2, 1991), I find that the requested number of hours here exceeds the amount necessary given the facts and issues involved in the case.  Nevertheless, because counsel did not handle Smith's case before the Commissioner, *see DiGennaro v. Bowen*, 666 F. Supp. 2d 426, 433 (E.D.N.Y. 1987), and because the case required a full set of briefs as well as oral argument, slightly more than the standard range of hours seems appropriate.

Counsel is awarded $8724.70 for his work on this case, representing his rates of $172.23 for 2009 and $175.06 for 2010 multiplied by 50 hours.[2]  This amount is "more in line with typical EAJA fee awards" than the more than 100 hours initially claimed by counsel.  *Quinn v. Astrue*, 2008 WL 5234300, at *3 (N.D.N.Y. 2008) (reducing request for 120.43 hours to 50.78 hours in a case where "the dispositive issues in the case were not so novel or complex as to require . . . extensive time expenditures").  Counsel is further awarded $2986.50 for the time spent litigating his fee application, representing 16.5 hours of work on the instant fee application at $181 per hour.  The total amount of $11,711.20 shall be paid directly to counsel.  *See* Docket Entry 26 (letter by Jessica Smith assigning direct payment of fees to counsel).

So ordered.

John Gleeson, U.S.D.J.

Dated:  September 12, 2011
          Brooklyn, New York

---

[2]      I use the rate computed for 2009 for 10 hours, representing a reasonable period of time spent drafting the complaint and taking care of other preliminary matters, and for 2010 for 40 hours, representing time spent on briefing and oral argument.  *See* Fee Mot. at 2.